IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP.,
PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION                           MDL No. 2387

THIS DOCUMENT RELATES TO:

*Debra Jeff v. Mentor Worldwide LLC, et al.*
Civil Action No. 2:16-cv-09436

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Dismiss [ECF No. 12] filed by Coloplast Corp. ("Coloplast") and Mentor Worldwide LLC ("Mentor") and Defendants' Motion to Dismiss [ECF No. 13] filed by Coloplast and Mentor. The plaintiff has not responded to either motion, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, the Defendants' Motion to Dismiss [ECF No. 12] is **DENIED as moot** and the Defendants' Motion to Dismiss [ECF No. 13] is **GRANTED.**

Defendants' Motions arise from this court's Order [ECF No. 10], entered on August 15, 2017, denying defendants' first Motion to Dismiss for failure to serve a Plaintiff Fact Sheet ("PFS") [ECF No. 6] in compliance with Pretrial Order ("PTO") # 123. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 (applying the *Wilson* factors to the

plaintiff's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by defendants, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 123. I afforded her 30 days from the entry of the Order to submit to defendants a completed PFS, with the caveat that failure to do so may result in dismissal of her case with prejudice upon motion by the defendants. Despite this warning, the plaintiff again failed to comply with this court's orders and did not provide defendants with her PFS within the 30-day period. Consequently, defendants moved to dismiss with prejudice on September 15, 2017.

On September 26, 2017—over four months after the plaintiff's deadline pursuant to PTO # 123 and two weeks after the extended deadline pursuant to the August 15 Order—the plaintiff served a PFS on defendants. Defs.' Mot. 2 [ECF No. 13]. However, the PFS served remains inadequate in that it is unverified and fails to provide the defendants with medical records or authorizations to obtain medical records. *Id.* Thus, the defendants filed a third Motion to Dismiss with prejudice based on plaintiff's violations of PTO # 123 and the August 15 Order.[2]

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

[2] PTO # 12 provides, "If defendants receive a PFS in the allotted time but the PFS is not substantially complete, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PFS, . . . identifying the purported deficiencies. The plaintiff shall have twenty (20) days from receipt of that

Because the plaintiff has continued to blatantly disregard the court's orders despite the less drastic sanction previously imposed, I find that dismissing the defendants with prejudice is now appropriate. For the reasons explained in my August 15 Order, it is **ORDERED** that the Defendants' Motion to Dismiss [ECF No. 12] is **DENIED as moot** and the Defendants' Motion to Dismiss [ECF No. 13] is **GRANTED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 24, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

letter to serve a PFS that is substantially complete in all respects." PTO # 12, at ¶ 2(c) [ECF No. 40], *In re Coloplast Corp., Pelvic Support Sys. Prods. Liab. Litig.*, No. 2:12-md-02387. Here, the defendants did not "receive a PFS in the allotted time," as the plaintiff did not serve the deficient PFS within either the initial deadline pursuant to PTO # 123 or the extended deadline pursuant to the August 15 Order. Therefore, the defendants were not required to send a deficiency letter to plaintiff's counsel and allow them twenty days to cure the deficiencies before moving to dismiss the plaintiff's case with prejudice.